**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STERLING SAVINGS BANK, a
Washington chartered commercial bank,

Plaintiff-Appellee,

v.

THORNBURGH RESORT COMPANY, an
Oregon limited liability company,

Defendant-Appellant.

No.    15-35077

D.C. No. 3:12-cv-00255-KI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Argued and Submitted July 10, 2017
Portland, Oregon

Before:  WATFORD and OWENS, Circuit Judges, and CHHABRIA,[**] District
Judge.

Thornburgh Resort Company ("Thornburgh") appeals from the district

court's orders granting Sterling Savings Bank's ("Sterling") motion for summary

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Vince Chhabria, United States District Judge for the
Northern District of California, sitting by designation.

judgment, denying Thornburgh's partial motion for summary judgment, dismissing Thornburgh's counterclaims, and awarding Sterling attorneys' fees. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

**1. Thornburgh has no valid impairment of suretyship claims.**

Thornburgh obtained suretyship status when it conveyed a trust deed on its property to secure Sterling's loan to Parker Group Investments ("PGI"), as this was the only contract that granted Sterling recourse against Thornburgh's property in the event of a PGI default. *See* Restatement (Third) of Suretyship & Guaranty §§ 1(1)(a), 2(c).[1] Thornburgh performed its secondary obligation to repay Sterling's loan, via its property, when the trust deed was foreclosed upon on August 31, 2011.

Section 37(4)(a) of the Restatement contemplates a claim based on impairment of suretyship status "[i]f the obligee impairs the secondary obligor's suretyship status . . . *after* the secondary obligor performs any portion of the secondary obligation[.]" § 37(4)(a) (emphasis added). Because the purported

---

[1] All subsequent section citations refer to provisions of the Restatement (Third) of Suretyship & Guaranty. Oregon courts follow the Restatement with respect to suretyship law. *CRM Collateral II, Inc. v. TriCounty Metro. Transp. Dist. of Oregon*, 669 F.3d 963, 970 (9th Cir. 2012).

impairment—Sterling's release of PGI's cash collateral—occurred on December 17, 2007, which is before Thornburgh performed, Thornburgh has no claim under § 37(4)(a). Furthermore, Thornburgh has no claim under § 37(4)(b)(i) because it performed with knowledge of the impairment. Thornburgh learned of the purported impairment during a deposition on May 3, 2011, and alleged, in two separate suits, including one filed the day before the foreclosure sale, that Sterling impaired Thornburgh's collateral. Accordingly, Thornburgh had knowledge of the impairment prior to performing.

Therefore, counterclaim 1 was properly dismissed. Further, in the context of Thornburgh's impairment of suretyship status claim, the Restatement of Suretyship & Guaranty provides Thornburgh's exclusive avenue for affirmative relief against Sterling. *See* § 5 (providing that "all other principles of law and equity" apply "[u]nless inconsistent with the rules in this Restatement"). Accordingly, counterclaims 2, 3, and 4 were properly dismissed.

## 2. The district court properly dismissed Thornburgh's motion to strike.

As Thornburgh advanced no valid claims, the district court properly dismissed Thornburgh's motion to strike as moot.

## 3. The court lacks jurisdiction to review the award of attorneys' fees.

"[A]n order on attorneys' fees is collateral to, and separately appealable from, the judgment." *Hunt v. City of Los Angeles*, 638 F.3d 703, 719 (9th Cir. 2011). This court lacks jurisdiction to review the attorneys' fees award because Thornburgh did not separately appeal from the supplemental judgment awarding Sterling attorneys' fees.

**AFFIRMED** in part and **DISMISSED** in part.